IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KRESHNIK KAZMAJ,

    Plaintiff,

vs.                                          Case No. 4:14cv144-MW/CAS

CHARLIE CREEL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On March 14, 2014, Petitioner initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner alleged that he was in the physical custody of the Wakulla County Jail pursuant to a contractual agreement with the Department of Homeland Security. *Id.* at 2. Petitioner is a native and citizen of Albania who entered the United States without inspection on December 8, 1997, and was ordered removed on February 25, 2010. *Id.* at 3. Petitioner did not appeal the order of removal and was taken into the custody of Immigration and Customs Enforcement (I.C.E.) on September 12, 2013. *Id.* at 2-3. Petitioner claimed that I.C.E. was unable to remove him "to Albania or any other country" and he sought release

pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), claiming there was "no significant likelihood of removal in the reasonable [sic] foreseeable future . . . ." *Id.* at 4.

While the allegations of the petition were sufficient, service could not be directed because Petitioner did not sign the petition as required by FED. R. CIV. P. 11. An Order was entered on March 28, 2014, directing Petitioner to submit an amended petition which contained his original signature. Doc. 3. That Order was returned to the Court as undeliverable, doc. 4, and the docket contains an entry by the Clerk's Office that the Order, doc. 3, was re-mailed to Petitioner with the alien number clearly listed with Petitioner's name. Doc. 5. Mail was again returned as undeliverable. Doc. 6. The I.C.E. Online Detainee Locator System's web page indicated that Petitioner was transferred to the Baker County Detention Center and, thus, another Order[1] was entered directing the Clerk to note Petitioner's new address on the docket and re-mail another copy of the Order, doc. 3, to Petitioner.

That Order appears to have been delivered as no further mail returns were filed. However, Petitioner was required to file an amended petition by May 23, 2014. *See* doc. 7 at 2. Nothing has been received by Petitioner in response to that Order, or since submission of the initial petition. In an abundance of caution, the I.C.E. Online Detainee Locator System was reviewed again. This time, the web page stated that Petitioner was "Not In Custody."

---

[1] That Order contained a scrivener's error noting Petitioner was at the Baker Correctional Institution, 1 Sheriff's Office Drive, MacClenny, FL 32063, instead of the Detention Center. Doc. 7. However, because the Baker Correctional Institution is located in Sanderson, Florida, and the address provided in the Order correctly listed the address for the Detention Center, it is presumed that the mail was delivered as no further mail returns were filed.

It may be that Petitioner has already been removed from the United States, or it could be that Petitioner has been released from detention.  Under either circumstance, Petitioner has been afforded the relief sought in this petition as he is no longer detained by I.C.E.  No further judicial remedy is available and this case should now be dismissed as moot.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by **Kreshnik Kazmaj**, doc. 1, be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on June 5, 2014.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**